IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| George Cleveland, ) | |
| ) | Civil Action No. 8:08-516-HMH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Mayor Larry W. Abernathy, in his ) | |
| official capacities as Mayor and ) | |
| Chief Executive Officer of the City of ) | |
| Clemson, SC; Mayor Pro Tem, ) | |
| Buford E. "Butch" Trent, in his official ) | |
| capacities as Mayor Pro Tem of the ) | |
| City of Clemson, SC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment. In his complaint, the plaintiff, who is proceeding *pro se*, claims violations of his First, Eighth, and Fourteenth amendment rights. The plaintiff, who is not a resident of the City of Clemson, claims that a resident of the City of Clemson was given more time to speak at a Clemson City Council meeting regarding a proposed smoking ordinance.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On September 17, 2008, the defendants filed a motion for summary judgment. By order of this court filed September 18, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On October 24, 2008, the plaintiff filed his response in opposition to the motion for summary judgment.

## FACTS PRESENTED

The City of Clemson, South Carolina, often provides a public comment period during its regular council meetings. The plaintiff, who is not a resident of the City of Clemson, attended council meetings and spoke during the public comment period on July 2, 2007; October 15, 2007; November 5, 2007; and December 3, 2007 (pl. stmt. of facts, answer to Local Rule 26.03 interrog. A, docket no. 31). In the statement of facts in the plaintiff's responses to court interrogatories, the plaintiff sets out the reason he filed this lawsuit (verbatim):

> At the October 15, 07 Clemson City Council meeting Jay Jones a Clemson City resident was giving more time to speak contrary to how much time was given to George Cleveland of Seneca, South Carolina during the City Council meeting on October 15, 07. At the next Clemson City Council meeting November 5, 07 I stated during the public comments session at the meeting thereof more time was given to a City Resident versus a Non City Resident "George Cleveland". Mayor Larry Abernathy remarks were. We have a "Tendency" to give our city residents/business owners more time than non city residents/business. I disagreed, so I filed suit February 13, 2008 in Us District Court in Greenville, South Carolina.

*Id.* The defendants named in this action are Larry Abernathy, the Mayor of the City of Clemson, and Buford E. "Butch" Trent, the Mayor Pro Tem of the City of Clemson.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

3

In the plaintiff's "Motion to Amend the Defendant Rule 7(A)(2)," filed on May 22, 2008 (doc. 33), the plaintiff grounds his claim in this case on 42 U.S.C. § 2000a(a). That section reads as follows:

> (a)    Equal access
> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). This statute is inapplicable to the facts of this case. The prohibited discrimination or segregation is limited to the grounds of race, color, religion, or national origin. The plaintiff does not even allege discrimination on the basis of any of these categories. His complaint is that he was not treated exactly like another person because he is a resident of Seneca, South Carolina, not Clemson.

The plaintiff claims that the actions of the defendants in allowing a resident of the City of Clemson more time to speak at the public session than him violated his First and Eighth Amendment rights. While the First Amendment to the United States Constitution, which is applicable to state and local governments through the Fourteenth Amendment, guarantees an individual the right of free speech, it does not guarantee an unlimited right to communicate one's views at all times and in any manner that may be desired. *Heffron v. International Society for Krishna Consciousness*, 452 U.S. 640, 647 (1981). In evaluating a person's right to express his or her opinion while physically located on public property, one must balance the citizen's First Amendment rights with the government's interest in limiting the use of its property. *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir. 1989).

The Supreme Court has recognized three categories of forums relative to free speech rights. *See Perry Education Association v. Perry Local Educators Association*, 460 U.S. 37, 45-46 (1983). One such category is public property, which is not by tradition or

designation a forum for public communication. City council meetings, once they have been opened to the public, are such limited public forums. A city council has a substantial interest in conducting an orderly, efficient meeting. *Kindt v. Santa Monica Rent Control Board*, 67 F. 3d 266, 270-71 (9th Cir. 1995). Cities may enforce restrictions on speech at such meetings as long as the restrictions are content neutral and do not discriminate based upon the person's view point. *Perry*, 460 U.S. at 45. "The equal protection clause does not forbid classifications. It simply keeps governmental decision makers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Courts have held that a city may limit those who can comment at such public sessions only to citizens of the city and deny non residents the right to speak at all. *Rowe v. City of Cocoa Florida*, 358 F.3d 800, 803 (11th Cir. 2004) ("It is reasonable for a city to restrict the individuals who may speak at meetings to those individuals who have a direct stake in the business of the city- e.g., citizens of the city or those who receive a utility service from the city-so long as that restriction is not based on the speaker's viewpoint.").

As argued by the defendants, if a city can deny non-residents the right to speak at all during city council meetings, then clearly a city can grant city residents more time than non-residents. In this case, despite the plaintiff's claims, the record clearly shows that the plaintiff was not denied any constitutional rights. The transcript of the public session documents show that at the meeting on October 15, 2007, while the plaintiff initially talked for slightly less time than another participant (Jones) (3 minutes, 18 seconds versus 4 minutes, 10 seconds), he was not forbidden from continuing. He evidently was finished and thanked the Council (def. m.s.j., ex. A, 10/15/2007 transcript 6-14). Mr. Jones was granted additional time at the end because he requested it, and the plaintiff did not (10/15/2007 transcript 18-10). The plaintiff was once again allowed to speak at the November 5th meeting. When he complained about getting less time than Mr. Jones at the previous meeting, defendant Mayor Abernathy apologized if the plaintiff felt that he was

5

treated rudely and stated that they tended to give some preference to the people who live in the City of Clemson (def. m.s.j., ex. B, 11/5/2007 transcript 4-6). The record is clear that the plaintiff was not prohibited from speaking. Further, as outlined above, even had the plaintiff and other non-residents of the City of Clemson been completely prohibited from speaking, this would not have been a constitutional violation.

The defendants further argue that they are entitled to qualified immunity. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiff has failed to demonstrate that the defendant violated any of his constitutional rights. Therefore, the defendant is entitled to qualified immunity.

As stated above, no constitutional right of the plaintiff could reasonably be found to have been violated by the defendants even when the evidence is viewed most favorable to the plaintiff. However, even if a constitutional violation occurred, qualified immunity shields the defendants from any liability in this case. The plaintiff can show no legal authority for his proposition that the mere fact he is an American citizen allows him to go into any governmental meeting in any locality and demand precisely equal time with the citizens of that locality in terms of their public comment in a limited public forum such as a city council meeting. The plaintiff can show no authority which creates a constitutional right that was violated in this case.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment (doc. 50) be granted.

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

March 4, 2009

Greenville, South Carolina