IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| George Cleveland, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:08-517-HMH-WMC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Mayor Larry W. Abernatny, in his official ) | |
| capacities as Mayor and Chief Executive ) | |
| Officer of the City of Clemson, SC; ) | |
| Mayor Pro Tem, Buford E. "Butch" ) | |
| Trent, in his official capacities as Mayor ) | |
| Pro Tem of the City of Clemson, SC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] George Cleveland ("Cleveland") filed a civil rights action under 42 U.S.C. § 1983 alleging that the Defendants violated his First, Eighth, and Fourteenth Amendment rights when another resident of the City of Clemson, Jay Jones ("Jones"), was allowed more time than Cleveland to speak at a Clemson City Council meeting. In his Report, Magistrate Judge Catoe recommends granting the Defendants' motion for summary judgment because (1) Cleveland was not denied equal access on the basis of "race, color, religion or national origin" in violation of 42 U.S.C. § 2000a(a); (2) the Defendants did not

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

violate Cleveland's free speech rights by granting Jones, a City of Clemson resident, more time to speak than Cleveland, a nonresident, and Cleveland was not prohibited from speaking; and (3) the Defendants are entitled to qualified immunity. (Report and Recommendation, generally.)

Cleveland filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Cleveland's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Cleveland also raises specific objections. Cleveland objects to Magistrate Judge Catoe's recommendation to dismiss his equal access claim alleging that national origin is applicable because Cleveland is an American. (Objections 2-3.) This objection is wholly without merit. There is no evidence that Cleveland was discriminated against because he was American. Instead, Cleveland alleges that he was denied a full opportunity to speak before the Clemson City Council because he was a nonresident of the City of Clemson. Based on the foregoing, this claim fails.

In addition, Cleveland objects to Magistrate Judge Catoe's recommendation to dismiss his free speech claim arguing that the Defendants violated the Fourteenth Amendment because he

was not treated equally when he was not allowed to speak for the same time period as Jones. (Objections 3-4.)  This objection is without merit.

The First Amendment states that "Congress . . . shall make no law . . . abridging the freedom of speech," and was made applicable to the states via the Fourteenth Amendment.  U.S. Const. amend. I; Goulart v. Meadows, 345 F.3d 239, 246 & n.6 (4th Cir. 2003).  There are three types of fora:  traditional public fora, public fora created by government designation or limited public fora, and nonpublic fora.  Cornelius v. NAACP Legal Defense and Educ. Fund, Inc., 473 U.S. 788, 802 (1985).  Traditional public fora are those, such as sidewalks and public streets, which "by long tradition or by government fiat have been devoted to assembly and debate."  Id. (internal quotation marks omitted).  A public forum created by government designation or limited public forum is one in which the government permits speech "by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects."  Id.  A nonpublic forum is government property which is not a traditional public forum, has not been designated by the government as a limited public forum, and is incompatible with general expressive activity, such as a military reservation or jailhouse grounds.  Id. at 804.

"A city council meeting is the quintessential limited public forum, especially when citizen comments are restricted to a particular part of the meeting."  Jocham v. Tuscola County,  239 F. Supp. 2d 714, 728 (E.D. Mich. 2003).  "There is a significant governmental interest in conducting orderly, efficient meetings of public bodies."  Rowe v. City of Cocoa, Fla., 358 F.3d 800, 803 (11th Cir. 2004).  "A speaker may disrupt a [city] Council meeting by speaking too long, by being unduly repetitious, or by extended discussion of irrelevancies."  White v. City of Norwalk, 900 F.2d 1421, 1425 (9th Cir. 1990).

> It is reasonable for a city to restrict the individuals who may speak at meetings to those individuals who have a direct stake in the business of the city–*e.g.*, citizens of the city or those who receive a utility service from the city–so long as that restriction is not based on the speaker's viewpoint.

Rowe, 358 F.3d at 803.

At the October 15, 2007 council meeting at issue, Cleveland spoke for 3 minutes, 18 seconds, and Jones spoke for 4 minutes, 10 seconds. (Defs.' Mem. Supp. Summ. J. Ex. A (10/15/07 Tr. 6-14).) Cleveland did not request any additional time to speak. Jones requested and was granted additional time to speak. (Id. Ex. A (10/15/07 Tr. 18-20).) Cleveland complained at the November 5, 2007 council meeting about receiving less time than Jones to speak. (Id. Ex. B (11/5/07 Tr. 4-6).) Defendant Mayor Abernathy apologized if Cleveland felt that he was being rude and stated that "we do tend to give, as you would expect, some bit of preference to the people that live in the City of Clemson." (Id. Ex. B (11/5/07 Tr. 6).) Based on these undisputed facts, the Defendants did not violate Cleveland's right to free speech. The Defendants did not prevent Cleveland from speaking and acted reasonably in granting preference to residents of the City of Clemson.

Finally, Cleveland objects to Magistrate Judge Catoe's recommendation to dismiss the Defendants on the basis of qualified immunity alleging that they clearly violated his constitutional rights by not allowing him equal time to speak. (Objections 4.) Qualified immunity is granted only to the extent that "[the government official's] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Norwood v. Bain, 166 F.3d 243, 252 (4th Cir. 1999) (internal quotation marks omitted). For the reasons set forth above, the Defendants plainly did not violate any of

Cleveland's constitutional rights. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, docket number 50, is granted.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
March 24, 2009

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.