IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| George Cleveland, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:08-517-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Mayor Larry W. Abernathy, in his official | ) | |
| capacities as Mayor and Chief Executive | ) | |
| Officer of the City of Clemson, SC; | ) | |
| Mayor Pro Tem, Buford E. "Butch" | ) | |
| Trent, in his official capacities as Mayor | ) | |
| Pro Tem of the City of Clemson, SC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988(b). George Cleveland ("Cleveland") filed a civil rights action under 42 U.S.C. § 1983 alleging that the Defendants violated his First, Eighth, and Fourteenth Amendment rights when another resident of the City of Clemson, Jay Jones ("Jones"), was allowed more time than Cleveland to speak at a Clemson City Council meeting. On March 24, 2009, the court granted the Defendants' motion for summary judgment. The Defendants now seek to recover attorney's fees as the prevailing party in this action.

42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "When the prevailing party is the defendant, the attorneys fees should be awarded if the court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad

faith." DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999) (internal quotation marks omitted). Although Cleveland's claims failed on the merits, Cleveland believed that his free speech claim had factual and legal support because Jones was allowed more time than Cleveland to speak before the Clemson City Council. Based on the foregoing and after review of the record and the facts of this case, the court declines to award attorney's fees to the Defendants.

It is therefore

**ORDERED** that the Defendants' motion for attorney's fees, docket number 78, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
April 21, 2009